917 So.2d 45 (2005)
Julia S. MOSS, Individually and on Behalf of Her Deceased Husband, Michael Moss, Caitrin H. Moss and Sean M. Moss
v.
STATE of Louisiana and State of Louisiana through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al.
No. 2004 CW 2160R.
Court of Appeal of Louisiana, First Circuit.
June 24, 2005.
*46 Richard S. Thomas, Baton Rouge, Counsel for Plaintiffs/Respondents, Julia S. Moss, individually and on behalf of her deceased husband, Michael Moss, Caitrin H. Moss and Sean Moss.
E. Wade Shows, Ronnie J. Berthelot, Carlos A. Romanach, Baton Rouge, Counsel for Defendant/Relator, State of Louisiana through the Department of Transportation and Development.
Travis LeBleu, Baton Rouge, Counsel for Defendant/Respondent Louisiana Workers' Compensation Corporation.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C.J.
The sole issue before this court is whether the trial court erred in denying defendant's Louisiana Revised Statute 13:3715.1 request for disclosure of a deceased non-party's privileged medical records. Finding no error, we deny the application for supervisory writs.

FACTS AND PROCEDURAL HISTORY
On December 8, 1997, at approximately 7:00 a.m., Juanita Smith was involved in a head-on collision with Michael Moss. The accident occurred on Louisiana Highway 964 (La. 964) in Zachary, Louisiana. Both Mrs. Smith and Mr. Moss died as a result of their injuries.
On October 26, 1998, Julia Moss and her children filed suit against the State of Louisiana, through the Department of Transportation and Development (DOTD). The plaintiffs alleged the accident occurred *47 when "for some unknown reason" Mrs. Smith crossed the centerline and proceeded directly towards Mr. Moss. The plaintiffs further alleged that Mr. Moss could not get out of the way of Mrs. Smith's oncoming vehicle due to the defective conditions of La. 964.
DOTD answered the petition, asserting the affirmative defense of comparative fault on the part of Mrs. Smith. In preparing for trial, DOTD sought access to Mrs. Smith's pre-accident medical records through her widower and the executor of her succession, Billy Smith. However, Mr. Smith refused to sign a medical authorization for the release of Mrs. Smith's medical records. Thereafter, DOTD filed a motion seeking an order to release Mrs. Smith's pre-accident medical records pursuant to LSA-R.S. 13:3715.1.
The motion was set for a contradictory hearing, during which DOTD offered evidence to establish the appropriateness of its LSA-R.S. 13:3715.1 request. An autopsy report indicated that Mrs. Smith had undergone brain surgery in the past, and a scientific analysis report indicated the presence of Phenobarbital in her blood system at the time of her death. In his deposition, Mr. Smith testified that Mrs. Smith took the Phenobarbital for headaches brought on following brain surgery for an aneurism occurring approximately 14 years before the accident. DOTD contended Mrs. Smith's medical records are necessary to determine such matters as what drugs had been prescribed to Mrs. Smith, their dosage and effects, the effects of Mrs. Smith not taking any prescribed medications, and whether she had been placed under driving restrictions by her doctors.
At the conclusion of the hearing, the trial court denied DOTD's motion, and DOTD filed an application for supervisory writs with this court. We denied the writ, declining to exercise our supervisory jurisdiction. Moss v. State, 2004-2160 (La. App. 1 Cir. 1/10/05) (unpublished).
DOTD applied to the Louisiana Supreme Court for a writ of certiorari. The writ was granted, and on March 18, 2005, the supreme court remanded the matter to this court for briefing, argument, and an opinion. Moss v. State, XXXX-XXXX (La.3/18/05), 896 So.2d 988 (unpublished). It is in this procedural posture that the matter now comes before us.

LAW AND ANALYSIS
Generally, a party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action. LSA-C.C.P. art. 1422. Under LSA-C.E. art. 510 B(1), in a civil proceeding, a confidential communication made for the purpose of advice, diagnosis, or treatment of a patient's health condition is privileged. Exceptions to the general privilege are enumerated in Subsection B(2). It is undisputed that none of the Subsection B(2) exceptions apply to the facts of this case. Mrs. Smith is not a party to the present litigation  nor is any person deriving a right from Mrs. Smith. As no exception to the healthcare provider-patient privilege exists, the information DOTD seeks is privileged.
DOTD seeks to obtain this otherwise privileged information through the procedure set forth in LSA-R.S. 13:3715.1 B, which specifies the exclusive methods by which medical, hospital, or other records relating to a person's medical treatment, history, or condition may be obtained or disclosed by a health care provider.
Louisiana Revised Statute 13:3715.1 B(3) identifies the appropriate procedures by which an attorney may obtain the medical records of a deceased patient. If the patient is a party to the litigation, the attorney *48 may obtain the records by subpoena. Or, the attorney may obtain the records by written authorization of the person authorized under LSA-C.C. art. 2315.1 or the executor or administrator of a deceased patient's estate. If unable to obtain the medical records by subpoena or by written authorization, an attorney may seek a court order as provided for in LSA-R.S. 13:3715.1 B(5), which states:
A court shall issue an order for the production and disclosure of a patient's records, regardless of whether the patient is a party to the litigation, only: after a contradictory hearing with the patient, or, if represented, with his counsel of record, or, if deceased, with those persons identified in Paragraph (3) hereof, and after a finding by the court that the release of the requested information is proper; or with consent of the patient.
Contrary to DOTD's position, LSA-R.S. 13:3715.1 was not designed to circumvent the health care provider-patient privilege afforded by LSA-C.E. art. 510. Subsection E to LSA-C.E. art. 510 provides:
Waiver. The exceptions to the privilege set forth in Paragraph B(2) shall constitute a waiver of the privilege only as to testimony at trial or to discovery of the privileged communication by one of the discovery methods authorized by Code of Civil Procedure Article 1421 et seq., or pursuant to R.S. 40:1299.96 or R.S. 13:3715.1.
In accordance with Subsection E, only if there exists a Subsection B(2) exception to the health care provider-patient privilege is there a waiver such that discovery of the privileged communication is proper under by LSA-R.S. 13:3715.1.
Louisiana Revised Statute 13:3715.1 serves as a protection to health care providers by providing clear ground rules that authorize the release of information. Hortman v. Louisiana Steel Works, 96-1433 (La.App. 1 Cir. 6/20/97), 696 So.2d 625, 628, writ denied, 97-1919 (La.11/7/97), 703 So.2d 1268. The statute also provides a procedural mechanism for a patient or his statutorily recognized representative to object to the release of information and for the judicial disposition of contested matters in this regard.[1]Id. As observed by the fourth circuit, the policy reasons for the rule include preventing breach of the physician/patient privilege and protecting the patient's privacy. Davis v. American Home Products Corp., 98-2160 (La.App. 4 Cir. 1/15/99), 727 So.2d 647, 653, writ denied, 99-0452 (La.4/9/99), 740 So.2d 632. The purpose of LSA-R.S. 13:3715.1 is not to provide litigants a mechanism for circumventing the health care provider-patient privilege.

CONCLUSION
DOTD seeks access to a deceased non-party's medical records pursuant to LSA-R.S. 13:3715.1. DOTD was unsuccessful in obtaining permission from an authorized person for the release of Mrs. Smith's medical records. Following a contradictory hearing, the trial court determined that the information was protected by the healthcare provider-patient privilege recognized in LSA-C.E. art. 510 and that there was no applicable exception or waiver of this privilege. A party may not obtain discovery of privileged matter. *49 LSA-C.C.P. art. 1422. The release of the requested information can never be "proper" under LSA-R.S. 13:3715.1 B(5) if, after a contradictory hearing, it is determined that a privilege exists and there is no exception to, or waiver of, that privilege. Accordingly, we find no error in the trial court's conclusion that release of Mrs. Smith's medical records would not be "proper" under LSA-R.S. 13:3715.1 B(5).
For these reasons, DOTD's application for supervisory writs is denied, the judgment of the trial court denying DOTD's motion for an order to release the medical records of Mrs. Smith is affirmed, and this matter is remanded to the trial court for further proceedings consistent with this court's order.
WRIT DENIED; REMANDED.
DOWNING, J., concurs.
NOTES
[1] The protection from civil and criminal liability afforded to a health care provider for disclosure of the records of a patient pursuant to the procedure set forth in LSA-R.S. 13:3715.1, LSA-R.S. 40:1299.96, or Article 510 is unavailable when the health care provider has "received a copy of the petition or motion indicating that legal action has been taken to restrain the release of the records." LSA-R.S. 13:3715.1 C.